IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 2704 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| UNIVERSITY OF ILLINOIS, | ) | |
| UNIVERSITY OF NOTTINGHAM, | ) | |
| GOOGLE, and | ) | |
| GOOGLE DEEP MIND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application to proceed in forma pauperis [3] is granted. However, for the reasons stated below Plaintiff's allegations are not sufficient to survive this Court's initial screening, and the Complaint [1] is dismissed without prejudice. Plaintiff's motion for attorney representation [4] is denied without prejudice. Plaintiff may file an amended complaint by 6/29/2023.

## STATEMENT

Plaintiff brings this action alleging that she suffered "systemic harms" from her "employers" and that she was "punished for following their internal policies to report employment law violations, [and] civil, state, federal, [and] constitutional law violations" done to her. (Compl. 4, ECF No. 1.) Plaintiff further alleges that "the employers fired" her (*id*. at 1), and that her "employers" "create[d] a falsified paper trail against" her in order to "evade the law" by claiming that she violated their "internal rules." (*Id*. at 4.) Plaintiff finally alleges that her "property was stolen and is now being used inside every [G]oogle product." (*Id*.) In addition to her Complaint, Plaintiff has submitted an *in forma pauperis* ("IFP") application and financial affidavit. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed IFP if she demonstrates an inability to pay the court filing fee of $402.

Because Plaintiff has applied for IFP status, the Court must screen the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii). To survive the Court's initial screening, Plaintiff must state a claim for relief that is plausible on its face by making "[f]actual allegations [that are] enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court assumes that all the Complaint's factual allegations are true, but it puts aside, and does not assume true, Plaintiff's "'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court focuses on whether there is

sufficient "factual content" to permit a "reasonable inference that the defendant is liable for the misconduct alleged," if the alleged facts are true. *Iqbal*, 556 U.S. at 678. The Court applies these principles just as it would in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), except that it construes Plaintiff's *pro se* Complaint liberally and holds it to a less exacting standard than it would a formal pleading drafted by an attorney. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

The Court is unable to discern in Plaintiff's allegations a plausible claim for relief. What Plaintiff's allegations boil down to is that she, (1) reported a legal violation that she suffered while at work, for which her employers "punished" her and falsified records to avoid recrimination, and (2) Google stole her unspecified, but presumably intellectual, property and is using it in "every [G]oogle product." Plaintiff provides no factual details at all in her Complaint regarding the key factual issues—namely, (1) the nature of the legal violation she suffered while at work, who committed the violation and when, to whom she reported the violation, who her employers were at the time (was it one or all of the Defendants?), which employer punished her, and the nature and date of the punishment; and (2) a description of the property Google allegedly stole, how Google is using it, and, if applicable, whether Plaintiff holds any intellectual property rights such as a copyright or patent. She does not address these matters even vaguely and provides, at most, nothing more than a "'formulaic recitation" of some "elements of a cause of action,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's IFP application—but not her Complaint—states that Plaintiff was raped and physically injured by an "employee," that Defendants fired her, and that Defendants retaliated against her for cooperating with the federal government. (Application, ECF No. 3.) Plaintiff may be attempting to allege a Title VII claim for employer retaliation and discrimination for reporting sexual assault at her workplace. *See* 42 U.S.C. § 2000e-2, *id*. § 2000 e-3(a). But these facts do not appear in the Complaint, and Plaintiff never connects those events together—was she fired by one or more of the Defendants for reporting to human resources, or to the police, that she was sexually assaulted by another employee? Plaintiff must "do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis original). She must "present a story that holds together." *Id*. at 404. This story does not hold together, and plaintiff does not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so her complaint must be dismissed without prejudice.

Plaintiff may file an amended complaint by June 29, 2023. The amended complaint should describe the key factual issues identified above, as well as whether Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, the Illinois Department of Human Rights, or any other state or local Fair Employment Practices Agency. Plaintiff is warned that "an amended complaint supersedes an original complaint and renders the original complaint void," *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004), so Plaintiff must submit an amended complaint that stands on its own, without reference to the prior complaint.

The motion for attorney representation (ECF No. 4) is denied without prejudice. In evaluating whether to recruit counsel, the Court is required to assess whether Plaintiff has made reasonable efforts to retain counsel on her own, and, if so, it must determine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff states with some specificity the efforts she has taken to retain counsel on her own. Plaintiff states that "Oprah Winfrey's Organization (non-profit)" referred her to "countless attorneys" but that "none will take [her] case" for unspecified reasons. (Mot. for Attorney Representation ¶ 2, ECF No. 4.) Plaintiff also states that she spoke to the Illinois Bar Association and that she was "paying lawyers in Illinois" but ran out of money. (*Id.*) She also spoke to "Stanford legal" who could not take the case because she "filed reports about the incidents." (*Id.*) Finally, she states that "Illinois University's lawyers and reach within the legal community make it impossible to find a lawyer [or] somebody without a conflict of interest with Defendants." (*Id.*) However, the Court cannot make any accurate determinations regarding either Plaintiff's abilities or the potential merit of this lawsuit. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Nevertheless, should the case proceed to a point that assistance of counsel is appropriate, the Court will revisit Plaintiff's request.

Finally, Plaintiff's financial affidavit demonstrates that she lacks substantial financial resources. In order to proceed IFP, a plaintiff need not be destitute, but she must be able to show that she is in "poverty," within the meaning of 28 U.S.C. § 1915. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Plaintiff receives a moderate amount of $1,800 per month deposited into her account, which she lists under "Gifts." This amount puts her above the poverty line, considering that she has no dependents. However, she also reports being unemployed since early 2022 and having no cash or other assets and significant debts, including $400,000 in student loan debt. Further, she reports that she was raped and physically assaulted by another employee, that she is physically injured and unable to receive medical care because she was fired by Defendants, and that Defendants retaliated against her for cooperating with the federal government, all of which are impacting her finances. On balance, the Court finds Plaintiff to be impoverished for purposes of her IFP application and grants her application to proceed IFP.

SO ORDERED.                                               ENTERED: June 7, 2023

**HON. JORGE ALONSO**
**United States District Judge**